**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA : CR 06 138T

vs. : In violation of 16 U.S.C. §703 and 7 U.S.C. §136j(a)(2)(G)

LITTLE RHODY BEAGLE CLUB, INC.
WILLIAM FORWARD

FILED NOV 15 2006 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

**INFORMATION**

The United States Attorney charges:

COUNT ONE
(Migratory Bird Treaty Act)

**Introduction**

1. At all times relevant to this information, defendant LITTLE RHODY BEAGLE CLUB, INC. ("the Club"), a Rhode Island corporation, was an organization with a primary purpose of training beagles and running field trials for beagles.

2. At all times relevant to this information, defendant WILLIAM FORWARD was the President of the LITTLE RHODY BEAGLE CLUB, INC.

3. To accomplish its purposes, LITTLE RHODY BEAGLE CLUB, INC. and FORWARD kept the grounds of the Club stocked with rabbits, which were used in the training of the beagles and in competititions.

**The Migratory Bird Treaty Act**

4. The Migratory Bird Treaty Act, 16 U.S.C. §§703 to 712, among other things, prohibits the taking, capturing, and killing of any migratory birds.

5. The migratory birds protected by this law are listed at 50 C.F.R. §10.13, and include such birds as Red-tailed Hawks, Cooper's Hawks, Great Horned Owls, Northern Flickers, Northern Mockingbirds, Turkey Vultures, and Mourning Doves.

**Federal Insecticide, Fungicide, and Rodenticide Act**

6. The manufacture, distribution, and use of pesticides is regulated by the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. §136 et seq., and the regulations promulgated under its authority by the United States Environmental Protection Agency (EPA).

7. In 7 U.S.C. §136(u), the term "pesticide" is defined in part as:

> (1) any substance or mixture of substances intended for preventing, destroying, repelling, or mitigating any pest, and (2) any substance or mixture or substances intended for use as a plant regulator, defoliant, or desiccant...

8. Except as provided by law, no person may distribute or sell any pesticide in the United States without its first being registered by the EPA. Before registering a pesticide, EPA requires that it be tested in order to determine its effect upon human health and the environment and in order to develop specific instructions and restrictions for its safe and effective use. The chemical content of the pesticide and the approved instructions for its use must be clearly stated on the pesticide's label, which must be affixed to any container of the

pesticide that is distributed or sold. 7 U.S.C. § 136a.

9. Title 7 U.S.C. §§ 136l(b)(2) prohibits any private person ("private applicator") from violating any provision of FIFRA.

10. If a pesticide could cause "unreasonable adverse effects on the environment," without specific restrictions as to use, it is classified as a restricted use pesticide. Because of its potential hazards, a restricted use pesticide may be distributed or used only for the specific purposes and according to the specific methods prescribed by EPA.

11. Under 7 USC 136j(a)(2)(G) it is unlawful for any person to use any registered pesticide in a manner inconsistent with its labeling.

12. At all times relevant to this information, carbofuran, which is sold under the trade name Furadan, was a restricted use pesticide under 40 C.F.R. §152.175. Carbofuran is a highly toxic pesticide. It was not registered for use against predatory wildlife.

13. The approved label for Furadan indicates that its only permitted use is as a pesticide to protect crops against certain insects. The label clearly states that "[t]his product is toxic to fish, birds and other wildlife," and also states "[u]se of this product for baiting or in bait stations is strictly prohibited and can result in criminal and civil penalties under Federal law." By law, carbofuran may only be used by licensed

applicators, and must be used according to its labeling. It may not be used to poison wildlife.

**Migratory Birds Killed**

14. To prevent migratory birds from preying on its rabbits, LITTLE RHODY BEAGLE CLUB, INC. and FORWARD caused the death of migratory birds by using firearms and illegal steel leghold traps. Rhode Island General Laws §20-16-8 prohibits the use of steel leghold traps.

15. To prevent predatory birds and other animals from preying on the rabbits, LITTLE RHODY BEAGLE CLUB, INC. and FORWARD obtained carbofuran. The defendants used the carbofuran in various ways, including by injecting it into eggs and by placing it in animal carcasses which were used as bait, so as to lure migratory birds and thus poison them.

16. By the unlawful use of carbofuran, firearms, and steel leghold traps, LITTLE RHODY BEAGLE CLUB, INC. and FORWARD captured and killed, on Club property, migratory birds, including at least one of each of the following: Red-tailed Hawks, Cooper's Hawks, Great Horned Owls, Northern Flickers, Northern Mockingbirds, Turkey Vultures, and Mourning Doves.

**COUNT 1**

**(Migratory Bird Treaty Act)**

17. The allegations contained in ¶¶ 1 through 16 are incorporated by reference.

18. On or about May 4, 2004, in the District of Rhode Island, the defendants, LITTLE RHODY BEAGLE CLUB, INC. ("the Club") and WILLIAM FORWARD, did pursue, hunt, take, capture, kill, and attempt to take, capture, kill, and possess a migratory bird, by using a steel leghold trap which captured and killed a Great Horned Owl, included in the terms of the conventions between the United States and Great Britain for the protection of migratory birds concluded August 16, 1916 (39 Stat. 1702), the United States and the United Mexican States for the protection of migratory birds and game mammals concluded February 7, 1936, the United States and the Government of Japan for the protection of migratory birds and birds in danger of extinction, and their environment concluded March 4, 1972, and the convention between the United States and the former Union of Soviet Socialist Republics for the conservation of migratory birds and their environments concluded November 19, 1976.

All in violation of 16 U.S.C. §703.

**COUNTS 2 THROUGH 6**

**(Federal Insecticide, Fungicide, and Rodenticide Act)**

19. The allegations contained in ¶¶ 1 through 16 are incorporated by reference.

20. From in or about April, 2003 to in or about October 2004, in the District of Rhode Island, the defendants, LITTLE RHODY BEAGLE CLUB, INC. and WILLIAM FORWARD, did knowingly use the registered pesticide carbofuran in a manner inconsistent with its labeling, by placing carbofuran into potential food sources, including, but not limited to, eggs and animal carcasses, in an effort to bait and poison predatory birds and other animals.

21. Defendants LITTLE RHODY BEAGLE CLUB, INC. and WILLIAM FORWARD unlawfully used carbofuran in a manner inconsistent with its labeling in the following instances:

| **Count** | **Date Carbofuran Discovered** | **Carbofuran found in:** |
|---|---|---|
| 2 | April 15, 2003 | Turkey Vulture carcass |
| 3 | March 28, 2004 | Red-Tailed Hawk carcass |
| 4 | April 28, 2004 | Egg used as bait |
| 5 | May 5, 2004 | Egg and chicken bones used as bait |
| 6 | October 19, 2004 | Squirrel carcasses used as bait |

All in violation of 7 U.S.C. §136j(a)(2)(G).

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden
KENNETH P. MADDEN
First Assistant U.S. Attorney

Terrence P. Donnelly
TERRENCE P. DONNELLY
Assistant U.S. Attorney